UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:10CV-P461-S

JUAN D. JOHNSON                                                                                    PLAINTIFF

v.                                                                                                           DEFENDANTS

SHARON VEECH *et al.*

## MEMORANDUM OPINION AND ORDER

### I.

Plaintiff, a convicted inmate currently incarcerated at the Roederer Correctional Complex, filed this 42 U.S.C. § 1983 action against the following individuals at the Roederer Correctional Complex: Sharon Veech, Deputy Warden of Programs; Inmate Grievance Aide Allen Stump; and Registered Nurse Ann Razor. Plaintiff alleges that Defendants violated his Eighth Amendment rights by refusing to give him his epilepsy medication. As a result, Plaintiff claims he suffered a seizure during which he injured his head, hand, and shoulder.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). The Court will now proceed to conduct the required review of Plaintiff's complaint. After doing so, for the reasons set forth below, the Court will dismiss Plaintiff's claims against Defendants Veech and Stump for failure to state a claim upon which relief may be granted. The Court will allow Plaintiff's Eighth Amendment claim against Defendant Razor to proceed for further development.

Section 1983 provides a federal forum for injured parties to seek a remedy for the deprivation of their civil liberties. 42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, (1989). "To state a valid § 1983 claim, Plaintiff must establish that: (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Id.*

**Defendants Veech and Stump**

Plaintiff does not contend that Defendants Veech and Stump were involved in his medical care. Rather, he alleges that they took part in the process that resulted in the denial of his medical grievances. Defendants' adjudication of Plaintiff's medical grievances does not subject them to liability under § 1983. There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of

2

Skinner's grievance appeal, it is clear, fails to state a claim."); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation."). Thus, where the only allegation against a defendant relates to the denial of a grievance, a plaintiff fails to allege any personal involvement by the defendant in the alleged denial of medical treatment. *Id.* Thus, the Court will dismiss Plaintiff's claims against Defendants Veech and Stump.

**Defendant Razor**

On review, the Court will allow Plaintiff's Eighth Amendment claim to proceed against Defendant Razor based on her alleged failure/refusal to treat Plaintiff's epilepsy. In permitting this claim to proceed, the Court passes no judgment on the ultimate outcome of this action. The Court will enter a separate Scheduling Order governing the development of the remaining claim.

**II.**

For the reasons set forth herein, **IT IS HEREBY ORDERED** that Plaintiff's claim

against Defendants Sharon Veech and Allen Stump are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Date:

cc: Plaintiff, *pro se*
 Defendant
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel

4411.008