# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:10CV-P461-S

JUAN D. JOHNSON                                                               PLAINTIFF

v.

                                                                                             DEFENDANTS

SHARON VEECH *et al.*

## MEMORANDUM OPINION

      Plaintiff, a convicted inmate currently incarcerated at the Roederer Correctional Complex filed this 42 U.S.C. § 1983 action against the following individuals: Sharon Veech, Deputy Warden of Programs; Inmate Grievance Aide Allen Stump; and Registered Nurse Ann Razor. Plaintiff alleges that Defendants violated his Eighth Amendment rights by refusing to give him his epilepsy medication. As a result, Plaintiff claims he suffered a seizure during which he injured his head, hand, and shoulder.

      When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). After conducting the required review of Plaintiff's complaint, the Court dismissed Plaintiff's claims against Defendants Veech and Stump for failure to state a claim upon which relief may be granted. The Court allowed Plaintiff's Eighth Amendment claim against Defendant Razor to proceed for further development.

      The Court entered a Scheduling Order to govern the development of the surviving claim. The Scheduling Order required Plaintiff to file a pretrial memorandum with the Court by January

14, 2011, "setting forth in detail all facts upon which he bases his claim in this matter against Defendant." The Scheduling Order warned Plaintiff that his "failure to comply with this or any subsequent order of the Court **MAY RESULT IN A DISMISSAL OF THIS CASE**."

Plaintiff did not file a pretrial memorandum with the Court by the January 14, 2011, deadline or show good cause for his failure to do so. Additionally, Plaintiff did not respond to Defendant Razor's motion for summary judgment. Accordingly, by Order entered April 11, 2011, the Court gave Plaintiff twenty-eight additional days to "file a response to Defendant's motion for summary judgment and his pretrial memorandum with the Court." Plaintiff was warned that his failure to comply with the Court's Order would result in the dismissal of this action for failure to prosecute.

Approximately ten days after the Court entered its Order, Plaintiff sent a letter to the Clerk of Court indicating that he believed that his action had been dismissed by the Court. In response to Plaintiff's letter and in an attempt to clarify the status of this matter for Plaintiff, on April 25, 2011, the Clerk of Court mailed him a copy of the docket sheet, its prior Memorandum Opinion and Order explaining that it was allowing his claim against Defendant Razor to proceed for further development, a Scheduling Order, Defendant Razor's motion for summary judgment, and its prior Show Cause Order. Three months have passed since the Clerk mailed the documents to Plaintiff without any response from him.

Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se*

litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, Plaintiff's failure comply with the Scheduling Order by filing a pretrial memorandum coupled with his failure to file a response to the Court's Show Cause Order or take any other action after clarification from the Clerk of Court shows a failure to pursue his case that is willful. Therefore, by separate Order, the Court will dismiss the instant action.

Date: July 28, 2011

                                      **Charles R. Simpson III, Judge**
                                      **United States District Court**

cc:    Plaintiff, *pro se*
        Counsel of Record
4411.008